IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV800

| | | |
|---|---|---|
| JOHNNY BELSOME, *et al*., ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| Vs. ) | ORDER | |
| ) | | |
| REX VENTURE GROUP, LLC d/b/a ) | | |
| ZEEKREWARDS.COM, and PAUL BURKS, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

This matter is before the Court upon the Plaintiffs' Motion to Lift the Stay imposed by the Court on July 3, 2013 so that Plaintiffs may proceed with their case against Defendant Paul R. Burks ("Burks").

**FACTUAL BACKGROUND**

This purported class action was originally filed in the Eastern District of Louisiana on August 24, 2012 and transferred to this Court on December 3, 2012. This Court stayed the case pursuant to the Order entered by the undersigned on August 17, 2012 in *SEC v. Rex Venture Group, LLC, d/b/a Zeekrewards.com and Paul R. Burks*, 3:12CV519. In the August 17 Order, the Court appointed a Receiver to investigate, pursue and recover all potential claims and other assets of the Rex Venture Group, LLC ("Rex Venture") receivership estate in the aftermath of a massive alleged Ponzi scheme perpetrated by Rex Venture that involved hundreds of thousands of victims worldwide who collectively lost hundreds of millions of dollars. The Order directed a stay of all other litigation related to the Receivership Defendants, Receivership Property, etc. Plaintiffs filed the instant lawsuit despite the stay ordered by the Court. Plaintiffs have sued the

1

Receivership entity and Paul Burks for securities fraud, misrepresentation and breach of fiduciary duty. They now seek to lift the stay to enable their lawsuit to proceed.

Since the time the Court entered its Order of August 17, the Receiver has been diligently working to marshal all available receivership property. Recently, the Receiver has sought leave to filed clawback litigation against Rex Venture insiders and net winners. The Receiver is charged with the responsibility of making an equitable distribution of the funds collected so that all the victims of the scheme are treated fairly and consistently.

**DISCUSSION**

"It is axiomatic that a district court has broad authority to issue blanket stays of litigation to preserve the property placed in receivership pursuant to SEC actions." *SEC v. Stanford Int'l Bank*, 424 Fed. App'x 338 (5th Cir. 2011). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

When considering whether to lift a stay of litigation, courts often consider the factors set forth in *SEC v. Wencke*. These factors include: (1) whether allowing the stay to remain in place preserves the status quo, or whether the moving party will suffer substantial injury if not allowed to proceed; (2) the time in the course of the receivership at which the motion to lift stay occurs; and (3) the merit of the moving party's underlying claims. 742 F.2d 1230, 1231 (9th Cir. 1984). While factor three would appear to weigh in favor of lifting the stay, the Court finds that the other two factors, as well as other considerations, weight heavily against granting Plaintiffs' motion at this time.

Plaintiffs will not suffer substantial injury if their case remains stayed. The Receiver

has indicated that he will very soon file a lawsuit seeking to recover all of Mr. Burks' ill-gotten gains received through the operation of the ZeekRewards scheme. Many of the Plaintiffs herein have already filed claims through the Receiver's claims process and will be compensated, to the extent they have valid claims, along will all other net-loser claimants. Thus, the only "injury" that may flow from a continued stay of this action is preventing Plaintiffs from being allowed to jump ahead of the rest of the net losers in the claims process.

Plaintiffs argue that their claims against Burks are independent and personal to the Plaintiffs and are distinct from derivative claims brought on behalf of the corporation that benefitted from Burks' fraudulent statements. However, Plaintiffs' claims need not be identical to the Receiver's claims to warrant a stay. *Landis*, 299 U.S. at 254. As noted above, the Receiver has sought leave to begin filing clawback litigation based on the same transactions and occurrences, for the benefit of the same Rex Venture victims and seeking to recover for the same harms. The Receiver's claims against Burks will fund the recovery of victims of the scheme, while Plaintiffs' proposed claims against Burks will pursue the very same assets in order to fund a recovery for the same group of people. Further, in pursuing a class action for all net losers of the scheme, class counsel would serve in a largely duplicative role as the Receiver, seeking to recover ill-gotten assets for the benefit of all net losers.

Furthermore, the Court finds that the instant motion is ill-timed in the course of the Receivership. The Receiver and his team are currently engaged in intensive investigation and analysis, reconstructing the financials of Rex Venture Group, analyzing large volumes of documents, liquidating the company's assets, and preparing for the filing of clawback actions, which are now imminent. The Receivership is still in its early stages. Allowing Plaintiffs' action

to proceed at this time would be inefficient and confusing to victims and would burden the Receivership.

Also, Plaintiffs' suggestion that allowing their action to proceed now would be more efficient is contrary to the entire thrust of the equitable Receivership that the Court has put in place to respond to this massive scheme. It is plainly most efficient to have one person marshaling the company's assets and claims and distributing the proceeds equitably among the victims. If the Court allows this action to go forward, another class action (filed in North Carolina state court prior to Plaintiffs' Louisiana action) might move forward as well, likely to be followed by innumerable[1] other "individual" competing actions. Having competing lawsuits for the same funds at the same time with different counsel (and more on the horizon) could not possibly be more efficient. Each of the counsel would have different interests, focus and strategies. Moreover, Rex Venture is the main repository of documents and relevant information about the company. So, with multiple actions, the Receiver would likely be forced to respond to countless written discovery requests, requiring further document review, and likely forced to be involved in multiple depositions across the country. This is all in addition to the Receiver's many current tasks, as well as the upcoming clawback lawsuits the Receiver will file.

Allowing Plaintiffs' purported class action to proceed will open the floodgates to a multiplicity of competing actions seeking to enrich individual plaintiffs and their counsel. This will cause a massive burden and expense on the assets of the Receivership and will ultimately

---

[1] Because there are at least eight hundred thousand victims, the number of competing "individual" actions or purported "class actions" (which will of course overlap each other and the class of victims that the Receiver is already trying to benefit) could easily be in the hundreds if not more. The cost and effect on the Receivership and the burden on the Court(s) where these actions would be filed would be enormous.

work to the detriment of all other Rex Venture victims who will, through the Receiver, bear the ultimate cost of the increased inefficiency and litigation chaos.

IT IS THEREFORE ORDERED that the Plaintiffs' Motion to Lift Stay is hereby DENIED.

Signed: December 30, 2013

Graham C. Mullen
United States District Judge